CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
November 20, 2024
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 2:21CR00016 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **BERNARD ANTHONY MURPHY,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant. ) | |

*Bernard Anthony Murphy, Pro Se.*

The defendant has filed a motion requesting that "First Step Act credits" be applied to his sentence. Murphy was sentenced by this Court on December 3, 2021, after pleading guilty to possession with intent to distribute a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count I) and possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c) (Count II). He was sentenced to 46 months on Count I and 60 months on Count II to be served consecutively. Murphy is presently confined at Beckley FCI, located in West Virginia, and his projected release date is currently September 20, 2030.

For the following reasons, the defendant's motion will be denied.

I.

Murphy requests that credits be applied to his 46-month sentence.[1]  The First Step Act does offer eligible incarcerated individuals the opportunity to receive "earned time credits" by participating in recidivism reduction programs or productive activities.  18 U.S.C. § 3632(d)(4).  The statute states that such "[t]ime credits earned . . . shall be applied toward time in prerelease custody or supervised release."  § 3632(d)(4)(C).  Prerelease custody consists of home confinement or a residential reentry center in a facility sponsored by the BOP. 18 U.S.C. § 3624(g)(2).  In addition, incarcerated individuals who are serving a term of imprisonment of more than one year, other than a life sentence, may receive good time credit for exemplary compliance with institutional disciplinary regulations.  18 U.S.C. § 3624(b).  Good time credit is applied toward the service of the sentence. *Id.*

Murphy asserts that he is eligible to receive First Step Act credits and requests that the credits be applied so that he is released at an earlier date.  Murphy does not claim that the BOP has misapplied or miscalculated those credits.

---

[1]  Murphy concedes that he cannot receive credit relating to the sentence imposed for Count II, since the statute excludes inmates serving a sentence for that crime.  18 U.S.C. § 3632(d)(4)(D)(xxii).  Administratively, the Bureau of Prisons (BOP) combines terms relating to separate offenses of conviction, so that may exclude Murphy altogether.

II.

This court lacks the jurisdiction to apply earned time credits or good time credits. The calculation and application of both types of credits are under the purview of the BOP. *Kowalewski v. Warden, FCI Fort Dix*, No. 23-20320 (RMB), 2024 WL 3964289, at *2 (D.N.J. Aug. 27, 2024). And while Murphy requests that his credit be applied to his sentence, "[g]ood time credits affect the timing of an inmate's conditional release from prison, but they do not alter the sentence itself." *Scott v. Schuykill FCI*, 298 F. App'x 202, 204 (3d Cir. 2008) (unpublished).

If Murphy wishes to contest the BOP's calculation of his credits, he is not without recourse. Incarcerated individuals may file a federal habeas petition under 28 U.S.C. § 2241 in the judicial district in which they are confined. *United States v. Wilson*, 503 U.S. 329, 335 (1992) ("Federal regulations have afforded prisoners administrative review of the computation of their credits . . . and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies.") (citations omitted).

III.

Accordingly, it is **ORDERED** that the defendant's motion, ECF No. 43, is DENIED.

ENTER: November 20, 2024

/s/ JAMES P. JONES
Senior United States District Judge